UNITED STATES DISTRICT COURT
FOR THE RHODE ISLAND DISTRICT

| | |
|---|---|
| Vinicio Lopez,<br>Plaintiff<br><br>v.<br><br>Rhode Island Country Club<br>Defendant | Civil Action No. 07-257ML |

PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT

## I. Introduction

The plaintiff, Vinicio Lopez, is a former employee of defendant, Rhode Island Country Club (RICC). Plaintiff brought this action to recover unpaid overtime compensation, liquidated damages, attorney's fees, and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. § 216(b)) (FLSA or Act) and Rhode Island General Laws § 28-12-4.1.

## II. Facts

Beginning on or about May 22, 1995, defendant employed plaintiff until plaintiff's termination in 2007. While employed by defendant, plaintiff regularly worked longer than 40 hours per week and performed various duties including painting and repairs. RICC knowingly failed and refused to compensate plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which plaintiff was employed, contrary to the provisions of § 7(a) of the Act (29 U.S.C.A. § 207(a)) and Rhode Island General Laws § 28-12-4.1.

On February 20, 2002 RICC circulated an interoffice memo on the subject of "Exempt/Non-Exempt Employees". In that memo it is explicitly state that Vinicio Lopez

had worked in excess of 40 hours per week and was not a salaried employee of RICC. Further, the memo indicated that Lopez's duties at RICC would not qualify him for exemption from the FLSA under the "duties test". The memo listed those characteristics that were not part of Lopez's day-to-day duties, but that are necessary to qualify for the FLSA exemption, as follows: "management is primary duty; direct work of 2 or more full-time employees; have authority to hire and fire, or make recommendations re: employment status of others; regularly exercise high degree of independent judgment in their work; [d]on't devote more than 40% of time to non-managerial functions." Notwithstanding the presence of this memo, RICC willfully chose not to pay Lopez for his overtime work.

Because RICC willfully failed to pay Lopez for his overtime work in violation of both the FLSA and § 28-12-4.1 and Lopez was not an exempt employee under FLSA or § 28-12-4.1, Lopez is entitled to the relief prayed for in his complaint.

Rhode Island law also mandates that employers compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty in a week. G.L. 1956 § 28-12-4.1(a) reads, in relevant part:

> "Except as otherwise provided in this chapter, no employer shall employ any employee for a workweek longer than forty (40) hours unless the employee is compensated at a rate of one and one-half (1 1/2) times the regular rate at which he or she is employed for all hours worked in excess of forty (40) hours per week."

Further, Rhode Island law provides for the same exemption that is contained in the FLSA for employees employed in a "bona fide executive, administrative, or professional capacity." *See* 29 U.S.C. § 213(a)(1). Section 28-12-4.3(a)(4) reads:

> "(a) The provisions of §§ 28-12-4.1 and 28-12-4.2 do not apply to the following employees:

****

> (4) Any employee employed in a bona fide executive, administrative, or professional capacity, as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., compensated for services on a salary basis of not less than two hundred dollars ($200) per week."

As such, the factual analysis is necessary to determine liability under the Act and under G.L. 1956 § 28-12-4.1 will be similar, if not identical.

Respectfully submitted,

VINICIO LOPEZ,
By his attorneys

/s/ William E. O'Gara

William E. O'Gara, Esq. (#4257)
Pannone Lopes & Devereaux LLC
317 Iron Horse Way, Suite 301
Providence, RI 02908
(401) 824-5100 (telephone)
(401) 824-5123) (facsimile)

CERTIFICATION

The undersigned hereby certifies that I have electronically filed the above document on the 11th day of October, 2007.

Notice will be electronically mailed to:

Joseph D. Whelan, Esq.
Hinckley Allen & Snyder LLP
50 Kennedy Plaza
Suite 1500
Providence, RI 02903

/s/ William E. O'Gara